IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIVERSAL ASPHALT & EXCAVATING, INC.,<br><br>    Defendant. | Judge:<br><br>Magistrate Judge:<br><br>Case No.: |

## COMPLAINT TO COMPEL AUDIT

Plaintiffs, The Construction Industry Retirement Fund of Rockford, Illinois, and The Construction Industry Welfare Fund of Rockford, Illinois, by their attorneys, WilliamsMcCarthyLLP, bring this Complaint against Defendant, Universal Asphalt & Excavating, Inc., ("Universal Asphalt") and state as follows:

  1. Jurisdiction in this cause is based upon § 301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

  2. Jurisdiction in this cause is also based upon § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

  3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois and The Construction Industry Welfare Fund of Rockford, Illinois (collectively referred to as the "Funds") are administered in Rockford, Illinois.

4. The Funds are multi-employer benefits plans withing the meaning of ERISA. They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Universal Asphalt is engaged in the construction industry and does business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and § 301(a) of the LMRA. 29 U.S.C. § 185(c).

6. Operative Plasterers and Cement Masons Local Union #11 and Local Union #18 (hereinafter called the "Union"), is a labor union that represents its members in negotiations with employers with respect to rates of pay, hours of work, and other conditions of employments.

7. Universal Asphalt entered into a Collective Bargaining Agreement on June 1, 2012, the signature page of which is attached as **Exhibit A**.

8. Under the terms of the Collective Bargaining Agreement, and subsequent Trust Agreements to which Universal Asphalt is bound, Universal Asphalt is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues, and to submit monthly remittance reports in which Seaton identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9. Under the terms of the Collective Bargaining Agreement, Master Collective Bargaining Agreement, and subsequent Trust Agreements to which the Union is bound (the

"Agreements"), Universal Asphlat is required to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. Under the terms of the Agreements, contributions to the Funds are due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

11. Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the unpaid contributions.

12. The Auditor for the Funds attempted to perform an audit to determine whether Universal Asphalt paid proper contributions to the Funds for the period of January 1, 2014, to present, but Universal Asphalt failed and refused to supply all records reflecting work performed in locations covered by the Agreements. Universal Asphalt continues to refuse to provide records and refuses to permit an authorized representative of the Funds to examine its records as necessary to determine whether it has made full payment of all sums owed to the Funds.

13. The Funds are advised and believe that Universal Asphalt failed to report and pay contributions to the Funds for work performed in Illinois in violation of the terms of the Agreements by which Universal Asphalt is bound. As a direct and proximate result of Universal Asphalt's failure to pay contributions, employees of Universal Asphalt are in jeopardy of losing their health and welfare eligibility and benefits.

14. Universal Asphalt's actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

15. Universal Asphalt's failure and refusal to provide records and to permit examination of its records as alleged herein to determine if it has met its obligations under the Agreements was at all times, and still is, willful, unjustified, and done with malicious intent.

16. The Funds are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Universal Asphalt is ordered specifically to perform all obligations required on its part under ERISA, the LMRA, and the Agreements, and is restrained from continuing to refuse to perform as required thereunder.

17. This Court is authorized to issue injunctive relief based on traditional standards. As set forth above, the Funds have a strong likelihood of success on the merits, there is the possibility that the employees of Universal Asphalt will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor the Funds.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Defendant, Universal Asphalt, as follows:

(a) For an order requiring Universal Asphalt to provide certain records and to submit to an audit of such records by a date certain for the period of January 1, 2014, through the date of audit;

(b) Entering judgment in a sum certain against Universal Asphalt on any amount shown due and owing pursuant to the audit, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements;

(c) For an order:

    (i) requiring that Universal Asphalt comply with its obligations under the terms of the Agreements;

    (ii) enjoining Universal Asphalt from violating the terms of the Agreements and ERISA; and

    (iii) enjoining Universal Asphalt from disposing of any assets until said terms have been complied with, and from continuing to operate its business until said terms have been complied with;

(d) Ordering Universal Asphalt to remain current in payment of all contributions to the Funds; and

(e) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

    THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS; THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, Plaintiffs,

By: WILLIAMSMCCARTHYLLP

By: /s/Troy E. Haggestad
    Troy E. Haggestad

Troy E. Haggestad, Esq. (#06229384)
WILLIAMSMcCARTHYLLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815/987-8900
Email: thaggestad@wilmac.com

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed and approved by the Officers and Members of both parties to this Agreement as of this 1st day of June, 2012.

_____  _____
Steve Conrad, Business Representative   Scott Nimmo, Business Representative
OPCMIA LOCAL #11 (Area 297)   OPCMIA LOCAL #18 (Areas 12 & 158)

ILLINOIS VALLEY CONTRACTORS ASSOCIATION, INC.

_____
Daniel F. Aussem
Executive Director

WE, THE UNDERSIGNED CONTRACTOR, NOT HAVING ASSIGNED OUR BARGAINING RIGHTS TO THE ILLINOIS VALLEY CONTRACTORS ASSOCIATION, DO HEREBY AGREE TO ABIDE BY THE AGREEMENT NEGOTIATED BY AND BETWEEN THE ILLINOIS VALLEY CONTRACTORS ASSOCIATION AND THE AFOREMENTIONED LOCAL UNIONS.

COMPANY NAME _Universal Asphalt Inc._

ADDRESS _____

CITY-STATE-ZIP CODE _____

AREA CODE & TELEPHONE NUMBER _____

SIGNED BY & TITLE _____

Page 27

EXHIBIT A

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed and approved by the Officers and Members of both parties to this Agreement as of this 1st day of June, 2012.

_____
Steve Conrad, Business Representative
OPCMIA LOCAL #11 (Area 297)

_____
Scott Nimmo, Business Representative
OPCMIA LOCAL #18 (Areas 12 & 158)

ILLINOIS VALLEY CONTRACTORS ASSOCIATION, INC.

_____
Daniel F. Aussem
Executive Director

WE THE UNDERSIGNED CONTRACTOR NOT HAVING ASSIGNED OUR BARGAINING RIGHTS TO THE ILLINOIS VALLEY CONTRACTORS ASSOCIATION, DO HEREBY AGREE TO ABIDE BY THE AGREEMENT NEGOTIATED BY AND BETWEEN THE ILLINOIS VALLEY CONTRACTORS ASSOCIATION AND THE AFOREMENTIONED LOCAL UNIONS.

COMPANY NAME: _____

ADDRESS: _____

CITY-STATE-ZIP CODE: _____

AREA CODE & TELEPHONE NUMBER: _____

SIGNED BY & TITLE: _____

DATE: _____